Minute Order Form (5/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 3341 | **DATE** | 7/20/2000 |
| **CASE TITLE** | SHERWIN YELLEN vs. STATE OF ILLINOIS, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] The motions to dismiss [5-1] [8-1] are granted. This action is dismissed with prejudice. ENTER MEMORANDUM OPINION AND ORDER.

*Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | | |
|---|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number | |
| | No notices required. | | number of notices | | |
| ✓ | Notices mailed by judge's staff. | | | | |
| | Notified counsel by telephone. | | JUL 21 2000 date docketed | 13 | |
| | Docketing to mail notices. | | | | |
| | Mail AO 450 form. | | docketing deputy initials | | |
| | Copy to judge/magistrate judge. | | 7/20/2000 date mailed notice | | |
| WS | courtroom deputy's initials | | jad mailing deputy initials | | |
| | | Date/time received in central Clerk's Office | | | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SHERWIN YELLEN, )
)
Plaintiff, ) No. 00 C 3342
)
v. ) Suzanne B. Conlon, Judge
)
STATE OF ILLINOIS, THOMAS KROL, )
Secretary of State Investigator, United States of )
America, WILLIAM MALONEY, IRS CID, )
JAMES NEFF, IRS CID, MARK FLESSNER, )
Asst. U.S.attorney, and MARSHA McCLELLAN, )
Asst., U.S. Attorney, )
Defendants. )

**DOCKETED**

**JUL 2 1 2000**

## MEMORANDUM OPINION AND ORDER

Sherwin Yellen sues the State of Illinois, Thomas Krol, an investigator for the Illinois Secretary of State, the United States of America, William Maloney, an IRS agent, James Neff, an IRS agent, Mark Flessner, an Assistant United States Attorney, and Marsha McClellan, an Assistant United States Attorney. In a *pro se* complaint, Yellen seeks to recover property seized by the federal government pursuant to a money laundering investigation. Yellen also seeks damages for fraud. Yellen filed the complaint in the Circuit Court of Cook County on April 17, 2000. On June 2, 2000, the United States removed the case to this court pursuant to 28 U.S.C. §§1442 and 2679. The United States and McClellan[1] move to dismiss the complaint for lack of jurisdiction, for failure to state a claim and for insufficiency of service of process pursuant to Fed. R. Civ. P. 12(b)(1) and (6). In a separate motion,

---

[1] The motion to dismiss is brought only on behalf of McClellan because Yellen has not properly served the other federal defendants. The United States, which was not a named defendant in the state court action, is substituted as the defendant in lieu of McClellan to the extent this is a common law tort action pursuant to 28 U.S.C. § 2679.

13

the State of Illinois and Krol move to dismiss the complaint for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1).

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor. Travel All Over the World, Inc. v. Kingdom of Saudi Arabia, 73 F.3d 1423, 1429 (7th Cir. 1996).[2] This dispute stems from the federal government's seizure of Yellen's property in a 1991 money laundering investigation, pursuant to 18 U.S.C. §981, and the resulting forfeiture proceedings in United States v. Rand Motors, et al., No. 91 C 2796 (N.D. Ill. 1996). On May 8, 1991, the United States obtained warrants of seizure and monition against Yellen's business, Rand Motors, based on probable cause it was involved in money laundering. The United States Marshal seized properties from Rand Motors pursuant to the warrants. Law enforcement officers, allegedly including employees of the City of Chicago, State of Illinois and the federal government, also executed a warrant at Yellen's residence. In Yellen's residence, officers found several keys to safe deposit boxes, financial records, and $64,256 in cash. Additional warrants were obtained to seize the assets in Yellen's brokerage accounts and safe deposit boxes. Execution of these warrants resulted in the seizure of over $440,000 in United States currency. In sum, approximately $507,000 was seized from Yellen by defendants.

---

[2]While the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in plaintiff's favor, in order to provide a coherent factual background, the court adopts background facts from Judge Lindberg's June 7, 2000 Memorandum Opinion in United States v. Rand Motors, et al., No. 91 C 2796 (N.D. Ill. 1996).

2

In October 1996, Yellen and the United States settled the forfeiture proceeding and entered a settlement stipulation and hold harmless agreement. The agreement provided that Yellen would pay $250,000 to the United States from the assets seized. In return, the United States agreed to release all other property seized pursuant to the warrants "where is and as is" to Yellen. As part of the agreement, Yellen agreed to "release, hold harmless and forever discharge the United States, its officers, agents, servants, and employees . . . from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity . . . in connection with the investigation, seizure, detention, and release of the defendant property belonging to Rand Motors, Sherwin Yellen, Babette Yellen, and Martin Yellen." The United States also agreed to cooperate with Rand Motors in any dealings it had with the Illinois Department of Revenue. The agreement was signed by Assistant United States Attorneys McClellan and Oswald on behalf of the United States and by Yellen and members of his family.

In the complaint, Yellen alleges defendants concealed information that would have exonerated him in the forfeiture proceedings. He contends defendants failed to reveal the fact that a grand jury had been presented evidence and had not decided to issue an indictment. Yellen alleges that defendants may have personally profited by "looting" his assets. See compl. pg. 2. Yellen claims defendants failed to take reasonable care of the seized assets and failed to return all seized property as required by the agreement. Specifically, he alleges defendants did nothing to collect his business' accounts receivable for a year and a half and this caused losses in excess of $400,000. He alleges that defendants have not returned all property seized despite repeated requests. Yellen further claims the State of Illinois committed what he calls "extortion" by participating in the seizure of his business. Id. Finally, Yellen claims the Illinois Department of Revenue violated the agreement by improper tax

3

assessments against him, improperly withholding tax refunds and failing to pay refunds to Martin Yellen for 1990 and 1991. Yellen seeks damages for defendants' alleged fraud and custody of his belongings.

## **DISCUSSION**

### I    **Motion to dismiss standard**

In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." Bartholet v. Reishauer A.G., 953 F.2d 1073, 1078 (7th Cir. 1992) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). A motion to dismiss tests the sufficiency of the complaint, not its merits. Gibson v. City of Chicago, 910 F.2d 1510, 1520 (7th Cir. 1990). A complaint is not required to allege all, or any, of the facts supporting a claim. Bennet v. Schmidt, 153 F.3d 516 (7th Cir. 1998). All that is required is a short and plain statement showing that the party is entitled to relief. Fed. R. Civ. P. 8(a); Doherty v. City of Chicago, 75 F.3d 318, 322 (7th Cir. 1996). Any ambiguities in the complaint are construed in favor of the plaintiff. Kelley v. Crosfield Catalysts, 135 F.3d 1202, 1205 (7th Cir. 1998). A claim may be dismissed only if it is beyond doubt that under no set of facts would a plaintiff's allegations entitle him to relief. Travel All Over the World, Inc., 73 F.3d at 1429. Furthermore, *pro se* complaints are held to less stringent standards than those drafted by attorneys, so Yellen's complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972).

### II    **Federal defendants**

Yellen's claims against the federal defendants must be dismissed. This court lacks jurisdiction to order the return of forfeited property or to interfere in the forfeiture judgment entered by Judge

4

Lindberg in United States v. Rand Motors, et al., No. 91 C 2796 (N.D. Ill. 1996). Under 18 U.S.C. §981(c), property seized under the money laundering statute "shall not be repleviable" and shall be "subject only to the orders and decrees of the court or the official having jurisdiction thereof." In the complaint, Yellen seeks the return of the seized goods and claims that defendants have violated the agreement. He may not use this case to collaterally attack the judgment entered in United States v. Rand Motors et al., by Judge Lindberg. If Yellen wants relief from the judgment, he must file a motion in that case.

Similarly, if Yellen's complaint is considered a common law tort claim, this court lacks jurisdiction over his claim. Under 28 U.S.C. §§ 1346(b) and 2679, the Federal Tort Claims Act provides the exclusive remedy for "injury or loss of property" caused by a federal employee. To the extent this claim is for a common law tort, it is deemed an action against the United States and the United States is substituted as the defendant in lieu of the federal employees pursuant to 28 U.S.C. § 2679. Under 28 U.S.C. § 2675, a plaintiff must file an administrative tort claim before filing suit. This requirement is a jurisdictional prerequisite under 28 U.S.C. § 2675. Yellen has not filed an administrative claim. Therefore, this court lacks jurisdiction over Yellen's claim against the United States because he has not submitted an administrative tort claim. Moreover, the Federal Tort Claims Act does not permit suits based on fraud, 28 U.S.C. § 2680(c), or the detention of property by a law enforcement officer, 28 U.S.C. § 2680(h). Furthermore, Yellen totally fails to address defendants' jurisdictional arguments in his response. In short, this court lacks jurisdiction over Yellen's claims against the federal defendants.

Finally, Yellen's claim is barred by the terms of the release and hold harmless agreement he signed in United States v. Rand Motors. Yellen agreed to release and forever discharge the United

States and its officers "from any and all actions, causes of action, suits, proceedings, debts, dues, contracts, judgments, damages, claims, and/or demands whatsoever in law or equity" that Yellen had "or may have in the future in connection with the seizure, detention, and release" of the seized property. Yellen's present claims are clearly in connection with the seizure detention and release of his seized property. Accordingly, the federal defendants' motion to dismiss must be granted.

**III    State defendants**

Yellen names the State of Illinois and Krol as defendants in the complaint. The Eleventh Amendment bars suits for damages against states in federal court. Alabama v. Pugh, 438 U.S. 781 (1978). Thus, Yellen may not sue the State of Illinois in federal court. Furthermore, it appears Krol has been named in his official capacity as a Secretary of State investigator. A suit against a state official in an official capacity is no different than a suit against the state itself. Kentucky v. Graham, 473 U.S. 159, 167 (1985). Thus, Yellen's claim against Krol is also barred by the Eleventh Amendment. Accordingly, the claims against the state defendants must also be dismissed.

## CONCLUSION

The motions to dismiss are granted. This action is dismissed with prejudice.

ENTER:

*Suzanne B. Conlon*
Suzanne B. Conlon
United States District Judge

July 20, 2000